UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

DION DAWKINS,

                Plaintiff,

v.

R & D CONTRACTING, INC. and
ROBERT J. BRICELAND,

                Defendants.

**COMPLAINT**

Docket No:   -CV-

Plaintiff DION DAWKINS, by and through his attorneys, and GALLO & IACOVANGELO, LLP, complaining of Defendants R & D CONTRACTING, INC. and ROBERT J. BRICELAND (hereinafter collectively "Defendants"), does hereby allege upon information and belief as follows:

### THE PARTIES

1. Plaintiff is a citizen of and resides in the State of Florida.

2. Upon information and belief, Defendant R & D CONTRACTING, INC. (hereinafter "R & D") is domestic corporation in the State of New York with its principal place of business in New York State (Erie County), and is a citizen of New York State.

3. Upon information and belief, Defendant ROBERT J. BRICELAND (hereinafter "BRICELAND")is a citizen of and resides in the State of New York, and is the owner of Defendant R & D.

### JURISDICTION

4. This is a diversity action and the Court has jurisdiction over this matter pursuant to Title 28 of the United States Code Section 1332(a). Plaintiff is a citizen of Florida.

Gallo & Iacovangelo, LLP
Attorneys & Counselors
At Law Since 1971
180 Canal View Blvd.
Suite 100
Rochester, NY 14623

1

Defendants are citizens of New York. The amount in controversy, without interest and costs, exceeds the sum or value specified by Title 28 of the United States Code Section 1332(a).

5. Venue in this action is properly in this Court pursuant to Title 28 of the United States Code Section 1391(b) and (c) because the contract was formed in, and the events and conduct complained of herein all occurred in, the Western District of New York.

## FACTUAL BACKGROUND

6. In or about 2023, Plaintiff and Defendants entered into an agreement whereby Defendants were hired by Plaintiff to perform certain home improvements at a home Plaintiff owns located at 100 Stewart Court, East Aurora, New York (hereinafter the "Agreement").

7. Defendant BRICELAND represented to Plaintiff that he possessed the skill and knowledge necessary to complete the home improvements required by the Agreement in a good, professional, and workmanlike manner.

8. Defendant BRICELAND made further representations to Plaintiff concerning the quality of materials that would be used for the home improvements as per the parties' Agreement.

9. In reliance on Defendant BRICELAND's representations, Plaintiff hired Defendants to perform the home improvements.

## FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

10. Plaintiff incorporates by reference all prior allegations contained in this Complaint as if set forth here in their entirety.

Gallo & Iacovangelo, LLP
Attorneys & Counselors
At Law Since 1971
180 Canal View Blvd.
Suite 100
Rochester, NY 14623

11. Plaintiff and Defendants entered into the Agreement.

12. Plaintiff performed his obligations pursuant to the Agreement and made certain payments to Defendants pursuant thereto.

13. Defendants breached the Agreement with Plaintiff when they failed to purchase proper materials to complete the home improvements.

14. Defendants breached the Agreement with Plaintiff when they failed to complete the home improvements in a good, professional and workmanlike manner.

15. Defendants breached the Agreement with Plaintiff when they failed to complete certain improvements required by the Agreement and for which Plaintiff was invoiced.

16. Defendants breached the Agreement with Plaintiff when they overcharged Plaintiff for certain improvements or other work or items related to the improvements.

17. Defendants breached the Agreement with Plaintiff when they billed and/or overcharged Plaintiff for items wholly unrelated to the improvements.

18. Defendants breached the Agreement with Plaintiff when, despite due demand by Plaintiff, they failed to correct the deficiencies in the materials and workmanship for the home improvements.

19. Defendants breached the Agreement when Plaintiff was required to incur substantial costs to correct the deficiencies in Defendants' workmanship and Defendants' use of improper or inferior materials for the home improvements.

20. As a result of the foregoing, Plaintiff has been damaged by Defendants in the amount of at least $150,000, together with interest, and the reasonable costs and disbursements of this action, including, if applicable, attorney fees.

Gallo & Iacovangelo, LLP
Attorneys & Counselors
At Law Since 1971
180 Canal View Blvd.
Suite 100
Rochester, NY 14623

## SECOND CAUSE OF ACTION
## FOR FRAUDULENT INDUCEMENT

21. Plaintiff incorporates by reference all prior allegations contained in this Complaint as if set forth here in their entirety.

22. Defendant BRICELAND made material representations and statements of fact concerning Defendants' abilities and experience in performing the home improvements, which fraudulently induced Plaintiff to enter into the Agreement with Defendants.

23. Defendant BRICELAND represented to Plaintiff that the contractually required work would conform to and be in compliance with standard practices.

24. Defendant BRICELAND represented to Plaintiff that the work would be performed and completed in a skillful, professional and workmanlike manner.

25. Defendant BRICELAND represented to Plaintiff that quality and proper materials would be used to complete the home improvements.

26. Defendant BRICELAND represented to Plaintiff that Plaintiff had been properly and correctly invoiced for the home improvements.

27. At the time these material representations and statements were made, they were known, or should have been known, by Defendant BRICELAND to be false.

28. The material representations and statements were made with the intention of inducing Plaintiff to rely upon them.

29. At the time the material representations and statements were made, Plaintiff reasonably believed them to be true, relied upon them, and as a result entered into

Gallo & Iacovangelo, LLP
Attorneys & Counselors
At Law Since 1971
180 Canal View Blvd.
Suite 100
Rochester, NY 14623

Agreement with Defendants and/or made payments pursuant to Defendants' invoicing.

30. Plaintiff relied upon the material representations and statements to his detriment, and would not have entered into the Agreement with Defendants or made payments to Defendants had he known the falsity of the representations.

31. As a result, Plaintiff has been damaged in the amount of at least $150,000, plus interest, incidental and consequential damages, and is entitled to punitive damages.

## THIRD CAUSE OF ACTION
## PURSUANT TO NEW YORK GENERAL BUSINESS LAW SECTION 349

32. Plaintiff incorporates by reference all prior allegations contained in this Complaint as if set forth here in their entirety.

33. Defendants engaged in the consumer-oriented act or practice of claiming to provide professional home improvement or renovation services without the intention of, or actually, completing the work, and/or without possessing the ability to complete the work, they were contracted to perform.

34. As a result, Plaintiff has been damaged in the amount of at least $150,000, plus interest, and attorneys' fees for the prosecution of this action.

## FOURTH CAUSE OF ACTION
## PURSUANT TO NEW YORK GENERAL BUSINESS LAW ARTICLE 36-A

35. Plaintiff incorporates by reference all prior allegations contained in this Complaint as if set forth here in their entirety.

36. Plaintiff and Defendants entered into the Agreement.

37. The Agreement failed to comply with the requirements of New York General Business Law Section 771.

Gallo & Iacovangelo, LLP
Attorneys & Counselors
At Law Since 1971
180 Canal View Blvd.
Suite 100
Rochester, NY 14623

38. As a result, Plaintiff has been damaged in the amount to be determined by the Court, including interest, civil penalties, and attorneys' fees for the prosecution of this action.

WHEREFORE, Plaintiff respectfully demands Judgment against Defendants:

A. On the First, Second, and Third Causes of Action in the amount of at least $150,000, with interest;

B. On the Second Cause of Action for punitive damages in an amount to be determined by the Court;

C. On the Third Cause of Action for Plaintiff's attorneys' fees expended in this action;

D. On the Fourth Cause in an amount to be determined, with interest, plus civil penalties;

E. Awarding, Plaintiff its costs, disbursements and, if applicable, attorneys' fees in this action; and

F. Awarding such other and further relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated: January 9, 2024
      Rochester, New York

GALLO & IACOVANGELO, LLP

_____
James S. Wolford, Esq.
*Attorneys for the Plaintiff*
*Dion Dawkins*
180 Canal View Blvd., Suite 100
Rochester, New York 14623
Tel: (585) 454-7145
E-mail: JamesWolford@gallolaw.com

Gallo & Iacovangelo, LLP
Attorneys & Counselors
At Law Since 1971
180 Canal View Blvd.
Suite 100
Rochester, NY 14623