UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DION DAWKINS,

                    Plaintiff,

v.

R & D CONTRACTING, INC. and
ROBERT J. BRICELAND

                    Defendants.

Case No. 1:24-cv-00043-LJV

**ANSWER WITH COUNTERCLAIMS**

Defendants, R & D CONTRACTING, INC. and ROBERT J. BRICELAND, through their attorneys KENNEY SHELTON LIPTAK NOWAK LLP, for their Answer to the Plaintiff, DION DAWKINS's, Complaint, allege upon information and belief:

## THE PARTIES

1.    Deny knowledge sufficient to form a belief with respect to allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.    Admit the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.    Admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

## JURISDICTION

4.    Admit the allegations contained in paragraph 4 of the Plaintiff's Complaint with respect to the citizenship of the Defendants, deny knowledge sufficient to form a belief with respect to the allegations of the Plaintiff's citizenship in paragraph 4, and deny any allegations in paragraph 4 of the Plaintiff to the extent that the Plaintiff deems himself entitled to any damages.

5.    Admit the allegations contained in paragraph 5 of the Plaintiff's Complaint to the extent that the contract in question was formed in and the events and contact complained of herein

1

all occurred in the Western District of New York, deny any and all other allegations, implied or otherwise, contained in paragraph 5 of the Plaintiff's Complaint.

## FACTUAL BACKGROUND

6. Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Plaintiff's Complaint to the extent that it is their general business practice to complete work in a skillful, professional, and workman like manner, and that they represent the same to potential customers, and deny any further allegations, implied or otherwise, from paragraph 7 of the Plaintiff's Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Plaintiff's Complaint to the extent that it is their general business practice to use quality and proper materials, and deny any further allegations, implied or otherwise, contained in paragraph 25 of the Plaintiff's Complaint.

9. Defendants deny knowledge sufficient to form a belief with respect to allegations contained in paragraph 9 of the Plaintiff's Complaint.

## FIRST CAUSE OF ACTION FOR
## BREACH OF CONTRACT

10. Defendants incorporate by reference all prior admissions and denials contained in paragraphs 1-9 of this Answer as if set forth here in their entirety.

11. Defendants admit the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

### SECOND CAUSE OF ACTION FOR
### FOR FRAUDULENT INDUCEMENT

21. Defendants incorporate by reference all prior admissions and denials contained in paragraphs 1-20.

22. Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24. Defendants admit the allegations contained in paragraph 24 of the Plaintiff's Complaint to the extent that it is their general business practice to complete work in a skillful, professional, and workman like manner, and deny any further allegations, implied or otherwise, from paragraph 24 of the Plaintiff's Complaint.

25. Defendants admit the allegations contained in paragraph 25 of the Plaintiff's Complaint to the extent that it is their general business practice to use quality and proper materials, and deny any further allegations, implied or otherwise, contained in paragraph 25 of the Plaintiff's Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Plaintiff's Complaint to the extent that it is their general business practice to properly and correctly invoice, and deny any further allegations, implied or otherwise, contained in paragraph 26 of the Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28. Defendants admit the allegations contained in paragraph 28 of the Plaintiff's Complaint to the extent that it is their general business practice make representations about their work with the intent to procure business, and deny any further allegations, implied or otherwise, contained in paragraph 28 of the Plaintiff's Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

### THIRD CAUSE OF ACTION
### PURSUANT TO NEW YORK GENERAL BUSINESS LAW SECTION 349

32. Defendants incorporate by reference all prior admissions and denials contained in paragraphs 1-31 of the Plaintiff's Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION
### PURSUANT TO NEW YORK GENERAL BUSINESS LAW ARTICLE 36-A

35. Defendants incorporate by reference all prior admissions and denials contained in paragraphs 1-35 of the Plaintiff's Complaint.

36. Defendants admit the allegations contained in paragraph 36 of the Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Plaintiff's Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Plaintiff's Complaint.

### RESPONSE TO DEMAND FOR JUDGMENT

39. In response to the WHEREFORE clause following paragraph 38 of Plaintiff's Complaint, including its subsections through F, Defendants admit that Plaintiff seeks such relief but denies that Plaintiff is entitled to any relief whatsoever.

40. As to any part of Plaintiff's Complaint not specifically admitted, denied, or discussed with respect to the Defendants, Defendants hereby deny allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## FIRST AFFIRMATIVE DEFENSE

41. Defendants assert that Plaintiff's prior material breach of a key contractual obligation of the Agreement excused Defendant from performing their contractual duties, thereby nullifying any claims of breach against the Defendants, specifically, but not limited to, the Plaintiff's failure to give Defendants access to the property that was subject to the Agreement and the Plaintiff's clear and unequivocal indication of intent not to pay Defendants for the services not performed.

## SECOND AFFIRMATIVE DEFENSE

42. Defendants assert that the Plaintiff has repudiated the Agreement and that the Plaintiff's clear and unequivocal indication of intent not to perform their contractual duties, including, but not limited to payment, terminated the contract and absolved the Defendant of any further obligations.

## THIRD AFFIRMATIVE DEFENSE

43. In the event it is found that there was a breach, the Defendants assert that Plaintiff failed to reasonably mitigate damages post-breach, thereby diminishing the liability or damages Defendants are obligated to compensate.

## FOURTH AFFIRMATIVE DEFENSE

44. The Agreement was based upon a mutual or unilateral mistake fundamental to the contract.

## FIFTH AFFIRMATIVE DEFENSE

45. Performance of the Agreement was impossible or impracticable due to unforeseen circumstances beyond Defendants' control.

46. Plaintiff has either waived his rights under the Agreement, and/or is estopped from enforcing it due to his actions.

## SIXTH AFFIRMATIVE DEFENSE

47. Defendants were previously released from their obligations under the contract by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

48. Plaintiff's Complaint fails to articulate a legal claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

49. This lawsuit was not commenced in good faith, is frivolous and harassing, is without reasonable basis in fact or law, and is based upon false allegations regarding allegedly deceptive business practice, as Plaintiff denied access to Defendants to the property in order to complete tasks, he now claims were neglected; consequently, Defendants claim entitlement to attorney's fees.

## RESERVATION OF RIGHTS

50. Defendants reserve the right to amend or add to their affirmative defense upon discovery of additional information or evidence as justice so requires.

**AS AND FOR THE DEFENDANTS'**
**FIRST COUNTERCLAIM AGAINST THE PLAINTIFF**
**BREACH OF CONTRACT**

51. In 2023, Defendants and Plaintiff entered into an Agreement, under which the Defendants fully met their obligations, performing and complying with all required terms and conditions.

52. Plaintiff has not met his obligations under the Agreement, specifically failing to pay Defendants the full amount owed for their work, which includes an unpaid sum of approximately $38,000, plus fees and interest.

53. Plaintiff's failure and/or refusal to make payment constitutes a breach of the Agreement between Plaintiff and Defendant.

54. By reason of Plaintiff's breach of the Agreement, Defendant has been damaged in the amount of $38,000, plus fees and interest.

**AS AND FOR THE DEFENDANTS'**
**SECOND COUNTERCLAIM AGAINST THE PLAINTIFF**
**UNJUST ENRICHMENT**

55. Defendant repeats and realleges the allegations set forth in paragraphs 47-50 of this Answer with Counterclaims.

56. As a result of Defendants having provided the aforesaid work, and as a result of the Plaintiff having failed to make payment to Defendants for the same, and without any wrongdoing on the part of Defendant, Plaintiff was unjustly enriched to Plaintiff's detriment.

57. By reason of foregoing, Plaintiff has been damaged in the principal amount of approximately $38,000, plus fees and interest.

**AS AND FOR THE DEFENDANTS'
THIRD COUNTERCLAIM AGAINST THE PLAINTIFF
QUANTUM MEIRUT**

58. Defendant repeats and realleges the allegations set forth in paragraphs 47-54 of this Answer with Counterclaims.

59. In accordance with the terms of the Agreement, Defendants performed work for Plaintiff.

60. After Defendants completed work pursuant to Plaintiff's approved specifications, Plaintiff wrongfully rejected Defendants' work.

61. The remaining fair and reasonable value of the work accepted by Plaintiff is approximately $38,000, plus fees and interest.

62. Despite due demand therefore, Plaintiff has wrongfully and without justification withheld payment in the amount of approximately $38,000, plus fees and interest.

63. By reason of the foregoing, Defendants have been damaged in the amount of approximately $38,000, plus fees and interest.

**AS AND FOR THE DEFENDANTS'
FOURTH COUNTERCLAIM AGAINST THE PLAINTIFF
QUANTUM MERUIT**

64. Defendants repeat and reallege the allegations set forth in paragraphs 47-59 of this Answer with Counterclaims.

65. Defendants submitted an invoice to Plaintiff in the amount of $465,000.00.

66. Plaintiff received and retained the invoice without objection or complaint.

67. Although demand has been duly made therefore, approximately $38,000 of said balance has not been paid.

68.     By reason of the foregoing, Defendants have been damaged in the amount of approximately $38,000, plus interest and fees.

**WHEREFORE**, Defendants respectfully request that (1) the Court dismiss the Complaint with prejudice, (2) award Defendants their reasonable attorneys' fees and costs incurred in defending against this action, (3) grant Defendants judgment on their counterclaims, and (4) award such other and further relief as the Court deems just and proper. Defendants further demand a trial by jury on all issues so triable.

Dated: Buffalo, New York
March 27, 2024

Respectfully submitted,

KENNEY SHELTON LIPTAK NOWAK LLP

_____
Robert D. Bannister, Esq.
The Calumet Building
233 Franklin Street
Buffalo, New York 14202
Tele: (716) 853-3801
Email: rbannister@kslnlaw.com

*Attorneys for Defendants*

TO:   James S. Wolford, Esq.
GALLO & IACOVANGELO, LLP
*Attorneys for the Plaintiff*
180 Canal View Blvd., Suite 100
Rochester, New York 14623
Tel: (585) 454-7145
jameswolford@gallolaw.com