**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

DION DAWKINS,

                              Plaintiff,

        v.

R & D CONTRACTING, INC. and
ROBERT J. BRICELAND

                              Defendants.

Case No. 1:24-cv-00043-LJV

**ATTORNEY DECLARATION**

I, Robert D. Bannister, Esq., an attorney duly admitted before the United States District Court for the Western District of New York and the courts of the state of New York, hereby affirm the following under penalties of perjury:

1.      I am an associate at the law firm of Kenney Shelton Liptak Nowak LLP attorneys for the Defendants, R&D CONTRACTING, INC., and ROBERT J. BRICELAND, in the above captioned action. As such, I am fully familiar with the facts and circumstances surrounding this matter.

2.      I make this declaration in support of the Defendants' Motion for Leave to file a Third-Party Complaint against STONEWOOD BUILDERS LLC ("Stonewood") and STEVEN OHRENSTEIN ("Mr. Ohrenstein") for tortious interference with business and contractual relations under New York State Law.

3.      This is a breach of contract action stemming from an agreement between the Plaintiff and Defendants for a home improvement project. All causes of action arise under state law and are presently before the United States District Court for the Western District of New York pursuant to diversity jurisdiction.

1

## PROCEDURAL HISTORY

4.      The Plaintiff, DION DAWKINS, commenced the present action with the filing of the Complaint on July 10, 2025. A copy of the Plaintiff's Complaint is attached hereto as **EXHIBIT A**.

5.      The Complaint contains four causes of action against the Defendants, all arising under New York State law: breach of contract, fraudulent inducement, violation of New York General Business Law § 359, and Violation of New York General Business Law Article 36-A. *See* Exhibit A, ¶¶ 10-37.

6.      Plaintiff alleges that these causes of action arise from work performed pursuant to an agreement entered into in 2023 between Plaintiff and Defendants for a home improvement project at Plaintiff's New York residence located at 100 Stewart Court, East Aurora, New York (hereinafter "subject premises"). *Id.* at ¶¶ 6-9.

7.      Defendants appeared and joined the present action with the filing of their Answer on April 2, 2024 wherein all substantive claims were denied. A copy of the Answer is attached hereto as **EXHIBIT B**.

8.      On April 10, 2024, the initial Case Management Order was filed requiring all motions to join other parties and to amend the pleadings shall be filed no later than August 30, 2024. The initial Case Management Order is attached hereto as **EXHIBIT C**.

9.      Two subsequent amended scheduling orders were issued on October 17, 2025 and March 11, 2025. Neither addressed motions to join as the scheduled date, August 30, 2024, had passed by the issuance of the second scheduling order and are not attached hereto.

10.     Defendants served their First Set of Interrogatories on May 23, 2024, which requested, inter alia, that Plaintiff identify each contractor, including any subcontractors, that

worked on the subject premises following the Defendants' being restricted from accessing the property. A copy of the Defendants' First Set of Interrogatories, dated May 23, 2024, are attached hereto as **EXHIBIT D**.

11.     Additionally, a Request for Production, attached hereto as **EXHIBIT E**, was served on the Plaintiff wherein the following was requested:

> Produce all correspondence between the Plaintiff, the Plaintiff's agents and/or representatives, and contractors, including subcontractors who were hired for the purposes of correcting any of the alleged defective work and/or alleged property damages that make up the causes of action.

(Exhibit E, ¶ 2).

12.     On or about January 17, 2025, the Plaintiff served his Response to Defendants' First Set of Interrogatories, wherein the Defendants learned of Stonewood for the first time. A copy of the Plaintiff's Response to the Defendant's First Set of Interrogatories, dated January 17, 2025, are attached hereto as **EXHIBIT F**.

13.      At the time Defendants became aware of Stonewood Builders LLC and its owner, Mr. Ohrenstein, there was no apparent cause of action, as merely knowing their names did not provide a legal basis to believe they had tortiously interfered with Defendants' contractual or business relationships.

14.     On January 27, 2025, Defendants served a letter on Plaintiff's counsel, identifying deficiencies in Plaintiff's interrogatory responses and noting the absence of cost estimates or invoices from Stonewood for remediation work, the deficiency letter set a date for response of two weeks. A copy of the letter is attached hereto as **EXHIBIT G**.

15.     On February 7, 2025, Plaintiff's counsel requested an extension of time to respond to deficiency letter; Defendants responded on February 10, 2025, acquiescing to the request to

extend the Defendants' deadline to February 28, 2025. A copy of the email exchanged is attached hereto as **EXHIBIT H**.

16.    On February 28, 2025, Defendants received a supplemental discovery response containing invoices for the work performed at the subject premises by Stonewood. A copy of the cover letter for that disclosure is attached hereto as **EXHIBIT I**.

17.    At the time Defendants received these invoices, no apparent cause of action existed, as the information provided—limited to man-hours, costs, and scope of work, which Defendants maintain is unrelated to their own work at the subject premises—did not establish a legal basis to support a claim of tortious interference with Defendants' contractual or business relationships.

18.    Upon reviewing the invoices, I determined that they lacked sufficient detail regarding Stonewood's work at the subject premises to allow for a proper inspection of the property and to effectively depose the Plaintiff and Defendants' representative(s). A copy of the invoices received from the Plaintiff's counsel is attached hereto as **EXHIBIT J**.

19.    As a result, on March 5, 2025, the Defendants served a non-party subpoena deuces tecum on Stonewood demanding the production of all documents and communications related to the work performed by Stonewood at the subject premises, including, inter alia, contracts, financial records, permits, project documentation, insurance materials, and all correspondence between the parties involved. A copy of the subpoena deuces tecum is attached hereto as **EXHIBIT K**.

20.    Defendants received an initial subpoena response from Stonewood on March 25, 2025, the response only included invoices previously received from Plaintiff and I responded requesting further documentation. A copy of the email exchanged with Stonewood's representative is attached hereto as **EXHIBIT L**.

4

21.     On April 4, 2025, Defendants received a subsequent response via US mail containing the "all documents regarding this case" from Stonewood. A copy of the cover letter for the disclosure is attached hereto as **EXHIBIT M**. The documents have been Bates stamped and attached hereto as **EXHIBIT N.**

22.     The documents produced by Stonewood indicate that Mr. Ohrenstein, both individually and in his capacity as owner of Stonewood, interfered with the business and contractual relationship between the Plaintiff and Defendants:

Plaintiff:     Do u want me to put and start a text thread with Cody[1] or u jus wanna meet at the house and surprise him [laughing emoji]

Ohrenstein:     Can you send me all of the info first? ***I would like my attorney that's my partner in a company to handle this so you don't have to pay anything moving forward.*** We need to draft something up and turn it over to them . . . If you want to do it, your way where you put me in contact with Cody. I don't know what the outcome is gonna be as good though. My goal would be to get your house fixed and I know they're not capable of doing that . . . .

(Exhibit N, pp. 24-25) (emphasis added);

Ohrenstein:     Can you tell me what you want me to do and I will run with it. I'm planning on going to your house tomorrow afternoon . . . I can either call Cody or do it the way that I think you'll have the best results which is kicking them out of your house, not paying them and sending them a letter from an attorney.

Plaintiff:     I would love if you and your guys can help and get all my stuff right I just don't wanna get hit with another bill

Ohrenstein:     I got you. ***You said you owed them money correct? The goal would be to fix it where you don't have to come out of pocket any more money***. If not, I'm more than happy to help you and just be your project manager to get the job done, but I know these guys are capable of doing it to the level and standards that you deserve and paid for.

---

[1] Cody Stumpf is the representative of the Defendants with whom the Plaintiff primary interacted with relative to the home improvement project.

(*Id*. at pp. 33-34) (emphasis added);

> Ohrenstein:    Absolutely nuts. I'll make sure I document that and forward that over to Jim. ***Let's sue these assholes***. You and your family don't deserve to be ripped off by these people and I don't want them doing this to anyone else
>
> Plaintiff:    Absolutely.

(*Id.* at pp. 72) (emphasis added).

23.    Upon information and belief, the Plaintiff and Mr. Ohrenstein engaged in further discussions during which Mr. Ohrenstein sought to induce Plaintiff to breach the contractual relationship with the Defendants.

24.    Upon information and belief, in the course of these discussions, Mr. Ohrenstein disseminated false information and accusations regarding the Defendants' quality of work performed at the subject premises in an effort to persuade the Plaintiff to pursue legal action and retain his friend and apparent business partner, an attorney named "Jim" to pursue legal action.

25.    Upon information and belief, Mr. Ohrenstein encouraged Plaintiff to pursue to present action on baseless grounds as a means of manipulating the federal judicial process to avoid paying sums lawfully owed to Defendants.

26.    It bears noting that the test message communications between Plaintiff and Mr. Ohrenstein—central to the proposed third-party claim—were not included in Plaintiff's response to Defendants' Request for Production. Had Plaintiff complied with his discovery obligations and timely produced these communications, Defendants would have been in a position to bring this third-party claim well before the August 30, 2024 deadline. Notably, Defendants' request specifically seeking such text messages was served on May 23, 2024—over two months prior to the deadline to join additional parties (*See* Exhibit E).

27. At this time, no depositions have been scheduled and the deadline for discovery to be completed by is September 15, 2025, with a trial date to be determined by March 19, 2026.

28. The Defendants have attached their proposed Third-Party Complaint against STONEWOOD BUILDERS LLC and STEVEN OHRENSTEIN hereto as **EXHIBIT O**.

<strong>ARGUMENT</strong>

29. It is acknowledged that the current motion for leave to file a third-party complaint is being submitted after the August 30, 2024, deadline for joinder of additional parties, as set forth in the Court's previous scheduling order.

30. Pursuant to the Fed. R. Civ. P. 16, Defendants must demonstrate good cause to amend the scheduling order to permit impleader at this stage, a determination that lies within the sound discretion of this Court.

31. Defendants acted diligently in pursuing discovery and moved to implead Stonewood and Mr. Ohrenstein within one week of obtaining documents that revealed a viable basis for claims of tortious interference under New York law.

32. The deadline to join additional parties passed on August 30, 2024; however, Defendants did not become aware of the factual and legal basis for the proposed third-party claims until April 4, 2025, when Stonewood produced communications showing that Mr. Ohrenstein encouraged Plaintiff to breach his contractual obligations.

33. Prior to that production, Defendants had no grounds to assert claims against Stonewood or Mr. Ohrenstein. Plaintiff's interrogatory responses dated January 17, 2025, merely named Stonewood without providing relevant facts, and the invoices produced on February 28, 2025, lacked detail and did not support a claim.

34.     It was not until Stonewood responded to a subpoena on April 2, 2025, producing documents showing coordination between Plaintiff and Mr. Ohrenstein—including instructions to terminate Defendants' access and pursue legal action—that a viable claim became apparent.

35.     Impleading Stonewood and Mr. Ohrenstein at this stage will not prejudice any party, as no depositions have been conducted and discovery remains open through at least September 15, 2025.

36.     Plaintiff has been aware of Stonewood and Mr. Ohrenstein's involvement since at least July 24, 2023, and participated in the very communications that form the basis of the proposed third-party claims.

37.     The delay in asserting these claims is due to Plaintiff's failure to produce key text message communications in response to Defendants' May 23, 2024 discovery requests; the relevant evidence was obtained only through a non-party subpoena served on Stonewood.

38.     Stonewood and Mr. Ohrenstein will not be prejudiced by impleader, as both have long been aware of the nature and scope of this litigation, and the claims arise from their direct involvement in the events giving rise to the action.

39.     Under Rule 14(a), a defendant may implead a third party who may be liable for all or part of the plaintiff's claims, provided the third-party claim is dependent on or derivative of the main action.

40.     The third-party claims asserted against Stonewood and Mr. Ohrenstein are based on the same contract and factual circumstances as Plaintiff's claims, and their resolution is contingent upon the outcome of the main action.

41.     The claims against Stonewood and Mr. Ohrenstein are legally dependent on the Court's interpretation of the contract between Plaintiff and Defendants, including its terms, performance, and any alleged breach.

42.     The attached Proposed Third-Party Complaint satisfies all pleading requirements to state a cause of action for tortious interference with contractual relations and tortious interference.

43.     Therefore, there is no factual, legal, or procedural basis to deny impleader at this stage, and leave to file the proposed Third-Party Complaint should be granted in the interest of justice and judicial efficiency.

**WHEREFORE**, it is respectfully requested that the Court grant Defendants' Motion for Leave to File a Third-Party Complaint against Stonewood Builders LLC and Steven Ohrenstein, together with such other and further relief as the Court deems just, proper, and equitable under the circumstances.

DATED:     Buffalo, New York
           April 10, 2025

                                          KENNEY SHELTON LIPTAK NOWAK LLP


                                          _____
                                          Robert D. Bannister, Esq.

9