# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DION DAWKINS,<br><br>Plaintiff,<br><br>v.<br><br>R & D CONTRACTING, INC. and<br>ROBERT J. BRICELAND<br><br>Defendants. | Case No. 1:24-cv-00043-LJV<br><br><br>**DEFENDANTS'**<br>**FIRST SET OF INTERROGATORIES** |

**PLEASE TAKE NOTICE** that Defendants, R&D CONTRACTING, INC. and ROBERT J. BRICELAND, requests that Plaintiff, DION DAWKINS, answer, under oath, and in accordance with Fed. R. Civ. P. 26 and Fed R. Civ. P. 33, within thirty (30) days form the date of service hereof, the interrogatories set forth below.

**DEFINITIONS AND INSTRUCTIONS**

A.      "You" and "your" or "Dion Dawkins" means the Plaintiff named above, his agents, employees, representatives and all other persons acting on his behalf.

B.      "Document" means and includes by way of illustration only and not by way of limitation, all written or graphic matters of every kind and description, whether printed or reproduced by process, or written or produced by hand, whether final, draft, original or reproduction, including: letters, correspondence, memoranda of telephone or personal conversations, microfilm, microfiches, telegrams, books, magazines, newspapers, advertisements, periodicals, bulletins, circulars, brochures, pamphlets, statements, notices, advertising layouts, trade letters, press releases, reports, rules, regulations, directives, teletype or telefax messages, minutes of records of meetings, inter-office communications, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts,

1

working papers, desk calendars, appointment books, diaries, routing slips, time sheets, logs, movies, tapes (or visual or audio reproductions), records, drawings, blueprints, sketches, plans, graphs, charts, photographs, shipping papers, purchase orders, phonograph records, data processing paper results, data Printouts and computation (both in existence and stored in memory components), transcripts of oral statement of testimony, reports of or summaries of interviews, report of or summaries of investigations, opinions or reports of consultants, forecasts, opinions of counsel, court papers, any and all other data, compilations or information resources from which information can be obtained or translated, if necessary, through detection devices in a reasonably useable form, or material similar to any "document" or "documents" as used herein. The terms "document" or "documents" as used herein also include the original of any document in whatever form or media it may exist, and all copies of each document, including copies of all sides or sheets thereof, and any marks thereon, including by way of illustration and not by way of limitation, initials, stamped indicia, or any comment or notation of any character not a part of the original text, or any reproduction thereof.

C.    "Person" means an individual, corporation, proprietorship, partnership, professional corporation, trade association, group, governmental agency or agent, receiver, or trustee in bankruptcy or other insolvency proceedings.

D.    With respect to documents, the term "identify" means to give the date, title, original author (if any), addresses (if any); the identity of all persons who received copies of it and to describe any documents which may make it up in whole or in part; identify with respect to documents further means to state how the documents were transmitted (e.g., by mail, personal delivery, etc.), by whom it was transmitted, to whom transmitted, and when transmitted; identify with respect to documents further means to describe a document sufficiently well to enable defendants to know what the document is and to retrieve it from a file or wherever it

2

is located; identify with respect to documents further means to describe it in a manner suitable for use as a description in a subpoena; identify with respect to documents further means to give the name, address, position or title of the person(s) who has custody of the document and/or copies thereof; and, identify with respect to documents further means to state whether or not it is in the possession of and/or subject to the control of plaintiffs.

E.    "Identify" when used in reference to an individual person means to state his (her) full name, age, present occupation, present or last known business address, or, if known, present residence address, present employer and position with such employer, whether ever employed by any party to this action and if so, the dates employed by such party, the name of such party, and the last position held as an employee of such party.

F.    With respect to a firm, organization, partnership, association or corporation whose identity is sought, the term "identify" means to state the name of the firm, organization, partnership, association or corporation; the type of entity (e.g., whether a corporation, partnership, etc.); the address of its principal place of business and all other business addresses; if a corporation, the state or district where incorporated and the date incorporated.

G.    When asked to "identify" who on behalf of Plaintiff had certain knowledge, made certain decisions and/or committed or did certain acts or omissions, identify in the case of an individual person is as defined in paragraph "F", but in the case of any firm, organization, partnership, association or corporation with such knowledge, who made such decisions and/or committed or did such act or omission, but also to identify the individual person(s) in the employ of or on behalf of any firm, organization, partnership, association or corporation who had such knowledge, who made such decision and/or who committed or did such act or omission.

H.    "Identify" when used with reference to oral communications means to state the:

1.    identity of the person(s) participating in each such oral

3

communication;

2.    the substance of each oral communication made by each person identified;

3.    to whom such oral communication was made;

4.    the date(s) of each such oral communication;

5.    the location where such oral communication was made;

6.    whether made by telephone and, if so, the identity of the party making the call, the identity of the party to whom made, from where made, and to where made;

7.    whether there were any witnesses to such oral communications and, if so, identify such witnesses; and

8.    whether there are any documents constituting of notes, memoranda or other evidence of such oral communications and if so, identify such documents.

I.    "State" means to set forth fully and unambiguously every fact, relevant to the answer called for by the interrogatories, of which plaintiffs have knowledge, and to:

1.    set forth all facts of which plaintiffs have knowledge which form the basis of the allegation;

2.    where acts or activities are involved, identify all persons who performed each act, the person on whose behalf such acts were performed, and the date and nature of each act;

3.    identify all documents relating to the facts or acts described in answer to the relevant interrogatory;

4.    identify all oral communications relating to the facts or acts described in answer to the relevant interrogatory;

4

5.    identify all persons having knowledge of the facts or acts described in answer to the relevant interrogatory; and

6.    identify the source of the information set forth and the date or approximate date on which the information was communicated to the affiant.

J.    Whenever a date, amount or other computation or figures is requested, the exact date, amount or other computation or figure is to be given unless it is not known; and then the approximate date, amount or other computation or figure should be given or Plaintiff's best estimate thereof; and the answer shall state that date, amount or other computation or figure is an estimate or approximation; and the basis of such estimate or approximation is to be described.

K.    No answer is to be left blank. If the answer to an interrogatory or subparagraph of an interrogatory is "none", the word "none" must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer. If an answer is omitted because of the claim of privilege, the basis of the privilege is to be stated.

L.    The information requested in the interrogatories is amplified by the definitions and instructions, and each interrogatory should be answered in context with the definitions and instructions.

M.    "And" and "or" as used herein are both conjunctive and disjunctive.

N.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

O.    The terms "all" and "each" shall be construed as all and each.

P.    The use of the singular form of any word includes the plural and vice versa.

Q.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the interrogatory all responses which might

otherwise be construed to be outside the scope of the interrogatory.

R.    All information requested is for the relevant period to the present, unless otherwise specifically indicated. In addition, each interrogatory shall be deemed continuing in nature and if plaintiffs obtain information that renders their answers, or any one of them, incomplete or inaccurate, plaintiffs are obligated to serve amended answers on the undersigned.

S.    If any matter referred to in answer to any interrogatory is evidenced by, represented by, reflected by, or recorded in any document or oral communication, in your answer to such interrogatory, identify each such document or oral communication and in your answer to the interrogatories provide a true copy of said document.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State, with specificity, all claims that Plaintiff is asserting against Defendants within the above captioned case and identify the factual basis for each claim.

**INTERROGATORY NO. 2:** Identify, with specificity, what types of alleged defective work and alleged property damages that make up the causes of actions contained within the Plaintiff's Complaint including:

    a.    what specific repairs were required for each item of alleged defective work and/or alleged property damage;

    b.    cost associated with each repair; and

    c.    any proof of the allegedly defective work or alleged property damage.

**INTERROGATORY NO. 3:** Identify each contractor, including any subcontractors, that worked on the project and or repairs allegedly effectuated by Plaintiff to remedy any alleged defects and/or

6

improper work and/or improper materials that make up the Plaintiff's claims against the Defendants.

**INTERROGATORY NO. 4:** Identify the name, address, and employer of any individual hired or otherwise contracted by Dion Dawkins, or any agent or representative of Dion Dawkins, who performed inspection services and/or quality control of the allegedly defective work done by the Defendants at the premises located at100 Stewart Court, East Auora, New York.

**INTERROGATORY NO. 5:** State whether the Plaintiff has inquired and/or made any claims to any insurance carrier or broker or other potential collateral source relative to the damage alleged in the Plaintiff's Complaint.

**INTERROGATORY NO. 6**: State the amount the Plaintiff paid to contractors, including any subcontractors, that worked on the premises located at 100 Stweart Court, East Aurora, New York after the Defendants were refused entry.

**INTERROGATORY NO. 7**: Identify each person who prepared answers to these interrogatories and each person who supplied and provided information used to prepare responses to these interrogatories.

**INTERROGATORY NO. 8:** Identify, with specificity, the work materials that the Defendants allegedly purchased and used in the home improvement project that are claimed to be improper and/or inferior including:

7

a.    a detailed description of each work material alleged to be improper and/or inferior;

b.    the specific reason each work material is claimed to be improper and/or inferior;

c.    the sources or other evidence or documentation supporting the claim that any of the work materials used by the Defendants were improper and/or inferior;

d.    the source from which the replacement material was purchased to remedy the allegedly improper and/or inferior;

e.    the current location of all of the work materials which are alleged to be improper and/or inferior that were removed from the premises located at 100 Stewart Court, East Aurora, New York.

**INTERROGATORY NO. 9:** Identify, with specificity, the improvements or other work or items related to the improvements which the Defendants allegedly overcharged the Plaintiff for, including:

a.    a detailed description of each improvement, work, or item alleged to be overcharged;

b.    the amount allegedly overcharged for each improvement, work, or item;

c.    the basis or method used to determine that an overcharge occurred.

**INTERROGATORY NO. 10:** Identify, with specificity, the items which the Defendants allegedly billed and/or overcharged Plaintiff for that were wholly unrelated to the improvements.

**INTERROGATORY NO. 11:** Identify, with specificity, each and every standard practice that Defendants allegedly represented to Plaintiff that they would conform to and be in compliance with.

8

**INTERROGATORY NO. 12**: Identify, with specificity, each and every clause and/or item contained within the agreement made between the parties that fail to comply with the requirements of New York General Business Law Section 771.

**INTERROGATORY NO. 13**: Identify, with specificity, each and every allegedly false material statement and/or representation claimed to have been made by the Defendants to Plaintiff which the Plaintiff relied upon to his detriment.

DATED:       Buffalo, New York
             May 23, 2024

                                        KENNEY SHELTON LIPTAK NOWAK LLP

                                        _____
                                        Robert D. Bannister, Esq.
                                        *Attorneys for Defendant*
                                        The Calumet Building
                                        233 Franklin Street
                                        Buffalo, New York 14202
                                        (716) 853-3801
                                        rbannister@kslnlaw.com

TO:   GALLO & IACOVANGELO, LLP
      James S. Wolford, Esq.
      *Attorneys for the Plaintiff*
      180 Canal View Blvd, Suite 100
      Rochester, New York 14623
      (585) 454-7145
      jameswolford@gallolaw.com

9